UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NEGRITO PAUL NOEL, a/k/a Paul A.E. Noel[1]

        Plaintiff,

v.

TROOPER P. D. STEDMAN, #2458 (In his individual and Official Capacity), et al.,

        Defendants.
_____

25-CV-6256-CJS

ORDER

*Pro se* Plaintiff, Negrito Paul Noel, has filed yet another Complaint asserting that a vehicle stop in Rochester, New York was unlawful under New York State Vehicle and Traffic Law, §§ 125 and 511 because his vehicle is a "personal use vehicle," and he is not a "person" and thus he was not subject to the statutory requirements of insurance and registration. ECF No. 1. The Court has rejected these same arguments or theories several times in the past as baseless and thus, frivolous, but Plaintiff continues to file complaints raising them.[2]

---

[1] Noel has filed several actions in this Court under various names; Negrito Paul Noel, Paul Noel, and Paul A.E. Noel. *See Negrito v. Warren*, 19-CV-6271-CJS ("Paul Noel formerly known as Paul A.E. Noel"); *Noel v. Chisholm*, 21-CV-6498-CJS ("Negrito Paul Noel also known as Paul Noel Negrito also known as Paul A.E. Noel").

[2] *See, e.g., Noel v. Chisholm*, 21-CV-06498-CJS, ECF No. 3 at 2, 4 (W.D.N.Y. July 27, 2021) (finding that the legal theories underlying Noel's claims—*viz.*, that "he is not [a] 'person' and his car is not a 'motor vehicle'" under New York Vehicle and Traffic Law, and that the "term 'motor vehicle' only applies to 'vehicles for hire'"— are "baseless, and indeed, frivolous")); *Noel v. Clauston*, 21-CV-06559-CJS-CDH, ECF No. 3 at 6 (W.D.N.Y. June 28, 2022) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B) because "it is clear that as the operator of a 2005 Chevy Cavalier on a public highway, Noel was rightly subject to the New York traffic laws for 'motor vehicles' and the traffic stop" and thus his claims "predicated upon the legal theory that he was not subject to either traffic laws or the traffic stop are therefore all meritless"); *Noel v. Doorley*, 21-CV-6737-CJS, ECF No. 3 at 3-4 (W.D.N.Y. June 28, 2022) (finding that the legal theories underlying Noel's complaint—v/z., that "the traffic infractions that he is being prosecuted for are without merit because

Noel did not pay the filing fee or submit an application to proceed *in forma pauperis* (that is, as someone who should have the prepayment of the ordinary filing fee waived because he or she cannot afford it). A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee as well as a $55.00 administrative fee.[3] *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[4] Western District of New York, District Court Schedule of Fees.[5] As set forth below, the Clerk of Court shall administratively terminate this action. If Noel wishes to reopen this case, he must notify the Court in writing **within 30 days of the date of this Order** and must include either (1) a properly supported motion to proceed *in forma pauperis* or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total).

---

the New York Vehicle and Traffic Law defines the infractions as involving a 'Motor Vehicle,'" whereas he was operating only a 'Personal Use Vehicle'"—"appear to be baseless, and, indeed, frivolous").

Just recently, the Court dismissed as frivolous two other cases filed by Noel and a co-plaintiff alleging the same baseless theory. *Noel v. Laibach*, 24-CV-6603-CJS and *Noel v. Stedman*, 24-CV-6623-CJS. The order dismissing these two cases was entered after Noel filed this case. *Noel v. Laibach*, 24-CV-6603-CJS, ECF No. 8 (W.D.N.Y. May 20, 2025); *Noel v. Stedman*, 24-CV-6623-CJS, ECF No. 7 (W.D.N.Y. May 20, 2025).

If Noel chooses to pay the filing fee or file a motion to proceed *in forma pauperis* and this case is reopened, as set forth below, this case too may be considered frivolous because it is based on the same baseless theories rejected repeatedly by the Court. Further, as set forth in the order in 24-CV-6603, ECF No. 8 at 8, and 24-CV-6623, ECF No. 7 at 8, if Noel "continues to file actions that are frivolous or based on legal theories that are meritless, he will be subject to sanctions, including, but not limited to, an order precluding him from filing any further action in this Court without first seeking and obtaining permission from the Court."

[3]Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. Effective December 1, 2023, this fee was increased to $55.00, though does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[4] Available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[5] Available at http://www.nywd.uscourts.gov/fee-schedule.

Under 28 U.S.C. § 1915(a)(1), a plaintiff seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation detailing his or her assets and liabilities and swearing under oath that the plaintiff is unable to pay the filing fee. A motion to proceed *in forma pauperis* should be supported by such an affidavit or affirmation filed at the same time as the complaint. The United States District Court for the Western District of New York has made available a form motion to proceed *in forma pauperis* with supporting affirmation[6] that is designed to help *pro se* litigants (such as the Plaintiff here) comply with 28 U.S.C. § 1915(a)(1).

Here, Noel did not pay the $350.00 filing fee or the $55.00 administrative fee that ordinarily is required to commence a civil action. Nor did he submit a motion to proceed *in forma pauperis* with an affidavit swearing that he is unable to pay the filing fee. Therefore, the Clerk of Court shall administratively terminate this action[7] without filing the Complaint or assessing a filing fee, as ordered below. As also ordered below, Noel is granted leave to reopen this action no later than 30 days from the date of this Order.

## ORDER

IT IS HEREBY ORDERED that the Clerk of Court shall administratively terminate this action without filing the Complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of Court is directed to send to Noel a form motion to proceed *in forma pauperis* with supporting affirmation; and it is further

---

[6] The Court has ordered that a form motion to proceed *in forma pauperis* with supporting affirmation be mailed to the Noel. The form also is available at http://www.nywd.uscourts.gov/pro-se-forms.

[7] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations. Therefore, if the case is reopened under the terms of this order, it is not subject to the statute of limitations time bar as long as it originally was timely filed. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 163 (7th Cir. 1995).

ORDERED that if Noel wishes to reopen this action, he shall so notify this Court, in writing, no later than **30 days from the date of this Order**. This writing must include either (1) a properly supported motion to proceed *in forma pauperis* or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total); and it is further

ORDERED that upon Noel's submission of either (1) a motion to proceed *in forma pauperis* or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total), the Clerk of Court shall reopen this case without further order.

SO ORDERED.

Dated:     JUNE 5, 2025
           Rochester, New York

_____
CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE